from the moment that the petition is filed. It is only through these proceedings that they can get anything for their debts; nor can the court make the property available for them until a decree of bankruptcy is passed and an assignee appointed. Suppose the petitioner should choose not to proceed with his petition, but let it remain in suspense, with his property thus locked up from his creditors. Should he be permitted thus to hold them at bay according to his own pleasure, that he may negotiate with them on that vantage ground, and impose such terms as he pleases? I think not. He has chosen his part, and he cannot be bankrupt or not at his own pleasure, or as he may find it convenient. He has brought his creditors here to seek such satisfaction for their demands as his estate will give, and, having by his own free choice brought them here, in this court they have rights as well as he. If he does not choose to proceed, they may intervene for their own interest to speed the cause by a motion for a decree, or for the appointment of an assignee, or for any other matter necessary for the protection of their rights. My opinion is that a voluntary bankrupt cannot withdraw his petition at his own pleasure. In the case of Randall [Case No. 11,-550], it was decided by the circuit court that proceedings in such a case may be stayed on the motion of the petitioner, on good cause, before a decree of bankruptcy. In that case the cause shown was that he had settled with all his creditors, and no person appeared to object. But the reasoning of the court clearly implies that he cannot withdraw without showing good reason. In this case he alleges only that he has settled with nearly all.

---

## Case No. 6,110a.
### In re HARRIS.
[See Case No. 6,110.]

---

## Case No. 6,111.
### In re HARRIS et al.
[6 Ben. 375.] [1]

District Court, E. D. New York. Feb., 1873.

PROCEEDINGS IN DIFFERENT DISTRICTS.

A firm was adjudged bankrupt, on petition of creditors, without opposition, the warrant was delivered to the marshal, a meeting of creditors was held, and an assignee chosen, who entered on his duties. Thereafter, one of the creditors applied to set aside all the proceedings as irregular, under the 16th general order, because he had, previous to the filing of this petition against the bankrupts, filed a petition against them in another district: *Held*, that the proceedings in this court were regular, notwithstanding the prior filing of the other petition, and that there was no ground for setting them aside.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[In bankruptcy. In the matter of William Harris & Co.]

BENEDICT, District Judge. This is a motion by a creditor to set aside the proceedings which have been had in this case. It appears that certain creditors of the firm of Harris & Co. duly filed their petition in this court, within whose jurisdiction the majority of the members of the firm reside, asking that said firm be adjudged bankrupts by this court. Upon the return of the order to show cause, no opposition being made, the firm proceeded against was adjudged bankrupt by this court, and a warrant duly issued to the marshal. Afterward, a meeting of creditors was held, at which an assignee was duly chosen, who thereafter entered upon his trust.

It is not doubted that this court had jurisdiction to entertain the petition and make the adjudication of bankruptcy. No objection whatever is made to the assignee chosen by the creditors; and, upon their face, all the proceedings taken in this court were regular. The attention of the court was in no way called to the ground of the complaint made by the party here moving, until after the adjudication had been made, and the assignee chosen by the creditors had entered upon his duties.

In this position of the case, one of the creditors appears before the court and shows that, prior to the filing of the petition in this court, he had filed a petition in the Southern district of New York, to have the same firm which, as is alleged, did business in the Southern district, there adjudged bankrupt, to which petition an answer has been filed, and the issues so raised are there pending, undecided and untried.

Upon these facts, it is now claimed by the said creditor that all the proceedings in this court should be set aside as irregular, because of the 16th general order. If this motion had been made or a stay applied for before the adjudication of bankruptcy had been made and an assignee elected, the way to relief would have been easy. And if it were now suggested, that any creditor had suffered detriment in the election of an improper assignee, prompt relief in that regard would be afforded; but, in the absence of any other fact than the mere pendency of a prior petition in another district, which is there being contested, it appears to me that it would be worse than useless to set aside these proceedings, and turn the creditors of this firm over to try the question of its bankruptcy upon another contested petition. No possible benefit to any one from such a course has been suggested on this motion.

I should, therefore, upon the papers before me, deny the motion as needless, even if it appeared that the adjudication was irregular because a prior petition was pending in another district; but I do not see how